Mr. Chief Justice Johnson delivered the opinion of the Court. The legal sufficiency of the plea interposed by the appellees, is the only matter presented by the record for the consideration and decision of this court. The plea admits the taking of the property mentioned in the declaration, but, by way of a bar to this suit, sets up that they afterwards sold it to one Absalom B, Joiner, against whom the plaintiff subsequently brought his action of replevin in the detinet, and recovered a judgment for the restitution of the said property and for the sumpf six dollars and fifty cents for his damages caused by its detention, together with all his costs in that behalf laid out and expended. This plea does not contain such matter as would constitute a valid bar to the present action of trespass, if it were even in proof that the defendant in the replevin suit and the defendants here were all liable as joint trespassers in the original taking. If they had all united in the original taking, they could still have been sued separately and separate recoveries had against each, and one judgment could not have been pleaded as a bar to a suit against the other defendants. Where a recovery has been had against a joint trespasser, there must, at least, be an execution thereon, and that may be deemed an election by the plaintiff de melioribus damnis, and sufficient to conclude him. This is the doctrine laid down by the Supreme Court of New York, in the case of Livingston vs. Bishop and others, (1 John. R. 290,) where the authorities are cited and fully discussed. It is conceded that it is not necessary to show that the same action, in form, has been previously prosecuted against the party, but it is essential, in order to constitute a bar, that the recovery set up should be founded upon the identical cause of action. What is meant by the same cause of action, is, where the same evidence will support both actions, although they happen to be grounded on different writs. See Rise vs. King (7 John. R. 19,) and Johnson vs Smith, (8 John. R. 383,) in the latter of which cases it was said, “The former suit was for cutting and carrying away wheat, and was for the same cause of action, and though the former action was denominated by the justice an action of trespass on the case, and this was trespass, it did not alter the application of the rule, which depended not upon the identity of action, but upon the same proof in both cases.” Let us test the case before us by the rule here laid down, and see whether the former recovery set up in the plea can be permitted to prevail as a bar to this suit, or, in other words, was the proof the same in both cases. The action in which the recovery relied upon was had, was replevin in the detinet, and prosecuted against the vendee of the present defendants. It is admitted that the mule, which was in controversy in both suits was one and the same, yet it cannot be properly said that each case involved precisely the same points, and that the proof was necessarily the same. If the plaintiff had instituted his action of re-plevin in the detinet against the present defendants, thereby waiving the tort of the original taking, and had prosecuted his suit to final judgment, there can be no doubt but that such judgment would have been a complete bar to the present action. But the state of case is wholly different when the recovery is had against a stranger, as he was not guilty of any wrong in the original taking, and consequently there was none for the plaintiff to waive. The plaintiff’s cause of action against the present defendants was complete the moment the trespass was committed, and it was not destroyed, or in any wise affected, by the sale and transfer of the property to a stranger. If the property has been restored to the plaintiff, either by the voluntary act of the defendants, or by means of a suit prosecuted against their vendee, it is manifest that he cannot recover its value in this action; and that evidence of such restoration would be admissible for the purpose of mitigating damages! True it is that the plea avers that the recovery in the replevin suit covers all the trespasses complained of in this declaration, yet such averment cannot aid the plea, as the question of the tortious taking was not involved in that suit; and consequently if damages were recovered for such taking, .such recovery cannot relieve these defendants from their responsibility. We are satisfied, therefore, the plea interposed by the defendants in this case is wholly insufficient as a bar to the present action, and that consequently the demurrer to the same ought to have been sustained. For tifia error, therefore, the judgment of the Johnson Circuit Court is reversed, annulled, and set aside, and the cause remanded, with instructions to be proceeded in according to law and not inconsistent with this opinion.